JUDGE PRESKA

08 CV 5272

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAGGIE WACHTER,

               Plaintiff,

      v.

QUATROCHI ART AGENTS, LTD., and
DAY & MEYER, MURRAY & YOUNG
CORP.,

               Defendants.

No. 08 CV ____
ECF Case



## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Maggie Wachter ("Wachter"), by her attorneys, complaining of defendants Quatrochi Art Agents, Ltd. and Day & Meyer, Murray & Young Corp. (collectively, "Defendants") alleges as follows:

    1.    On information and belief, defendant Quatrochi Art Agents, Ltd. ("Quatrochi Art Agents") is a business corporation incorporated in New York with its principal place of business located in New York City.

    2.    On information and belief, defendant Day & Meyer, Murray & Young Corp. ("Day & Meyer") is a business corporation incorporated in New York with its principal place of business located in New York City.

    3.    Wachter is a citizen of a state other than New York.

    4.    The amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

    5.    Wachter is and was at all relevant times the owner of the drawing *Fischblut* by Gustav Klimt.

6. On or about April 18, 2007, Wachter and Quatrochi Art Agents entered into a written contract whereby Wachter agreed to sell and Quatrochi Art Agents agreed to purchase Fischblut for the price of $1,200,000.00. A copy of the contract is annexed as Exhibit A.

7. The contract required the sales price to be paid by certified check within one hundred fifty (150) days of the date the contract was executed.

8. By the contract terms, payment was due no later than September 15, 2007.

9. In or about May 2007, Quatrochi Art Agents repudiated and anticipatorily breached the contract.

10. Quatrochi Art Agents has failed and refused to make the contractually required payment and otherwise perform its obligations under the contract.

11. The contract further provides that title to *Fischblut* remains with Wachter until full payment of the purchase price.

12. The parties further agreed as provided in the contract that *Fischblut* was to remain in storage at Day & Meyer Murray & Young (Day & Mayer), 1166 Second Avenue, New York, New York; and that Quatrochi Art Agents was not to remove it without Wachter's written consent, which consent would be given upon receipt by Wachter of full payment of the contract price.

13. *Fischblut* was delivered to and at all relevant times was and is in the possession of Day & Meyer.

14. Wachter was at all times ready, willing, and able to perform her obligations under the contract.

15. To any extent required, Wachter has fully performed her obligations under the contract.

16. Wachter has demanded that Day & Meyer return *Fischblut* to her, and Day & Meyer has failed and refused to do so.

17. Day & Meyer's refusal to return *Fischblut* to Wachter has impeded her ability to mitigate damages.

## COUNT I
### (Breach of Contract--Quatrochi)

18. Wachter repeats paragraphs 1 through 17 above as if fully set forth herein.

19. By its conduct alleged above, Quatrochi Art Agents, Ltd. breached the contract.

20. As a result of Quatrochi's wrongful conduct alleged above, Wachter has been damaged.

## COUNT II
### (Replevin—Day & Meyer)

21. Wachter repeats paragraphs 1 through 20 above as if fully set forth herein.

22. By virtue of holding title to *Fischblut*, and Quatrochi Art Agents' breach of contract, Wachter's right to possession of *Fischblut* is superior to any right of Day & Meyer.

23. By virtue of holding title to *Fischblut*, and Quatrochi Art Agents' breach of contract, Wachter is entitled to immediate possession of *Fischblut*.

## RELIEF DEMANDED

WHEREFOR, Wachter demands judgment as follows:

A. (i) Directing Quatrochi to pay Wachter the contract price of $1,200,000.00, plus consequential and incidental damages, in amounts to be determined at trial, costs, and interest, or

(ii) In the alternative, awarding Wachter damages in the amount of $1,200,000.00, plus consequential and incidental damages, in amounts to be determined at trial,

B. Directing Day & Meyer to deliver *Fischblut* to Wachter immediately;

C.  For costs and prejudgment interest as provided by law;

and for such other and additional relief as the court deems appropriate.

**DEMAND FOR JURY TRIAL**

Wachter hereby demands trial by jury of all issues so triable as of right pursuant to Fed. R. Civ. P. 38.

Dated:  New York, New York
June 5, 2008

LAW OFFICE OF TIMOTHY J. McINNIS

By: _____/s/_____
   Richard F. Bernstein [RB-3091]
   Of Counsel
521 Fifth Avenue, Suite 1700
New York, New York  10175-0038
(212) 292-4573

Exhibit A

Case 1:08-cv-05272-LAP   Document 1   Filed 06/10/2008   Page 5 of 7



# AGREEMENT

Maggie Wachter, hereinafter referred to as Seller, hereby agrees to sell, and Quatrochi Art Agents, Ltd. (hereinafter referred to as "Buyer"), hereby agrees to buy, on this  18  day of April, 2007, the below described art work as follows:

RE: Gustav Klimt
*Fischblut* ("*Fishblood*") drawing by Gustav Klimt
India ink and pen on paper
Image: 40 x 40 cm (Sheet measures 43.5 x 47 cm)
Signed lower right corner: *Gustav Klimt*
Executed: 1898

Simultaneous with the delivery of *Fischblut*, Seller will deliver to Buyer a copy of the original bill of sale she received at the time of its purchase, and the video of Ken Linsner interviewing *Fischblut*'s former owner;

1. Seller hereby agrees to sell *Fischblut* to Buyer and Buyer hereby agrees to pay the sum of One Million Two Hundred Thousand ($1,200,000.00) Dollars, to be paid within One Hundred and Fifty (150) days from the date of the execution of this agreement by delivery of a certified check payable to Maggie Wachter, care of the Law Office of Timothy J. McInnis, Attorney Escrow Account;

2. Seller and Buyer agree that *Fischblut* will be sold in "as is" condition and Seller has no obligation to make repairs, restore, clean or otherwise improve or change the condition of *Fischblut*;

3. The title to *Fischblut* shall remain with the Seller until payment of the full purchase price as provided in paragraph 1. Buyer agrees to keep *Fischblut* free from other liens and encumbrances and not to remove *Fischblut* from its present storage at Day and Meyer Murray and Young, 1166 Second Avenue, New York, New York 10021 without the written consent of Seller;

4. Upon receipt of payment as provided in paragraph 1, Seller will authorize release of *Fischblut* to Buyer. Until such payment is received, *Fischblut* will continue to be held in storage at Day and Meyer Murray and Young;

5. Seller is not responsible for payment of storage and/or handling costs incurred in shipping, handling or storing *Fischblut* from November 2006 until *Fischblut* is released to Buyer. Buyer agrees to be responsible for such costs;

6. Seller makes no warranty as to the title, authenticity, provenance, and condition of *Fischblut* and Buyer agrees to indemnify and hold Seller harmless with regard to any defect concerning the title, authenticity, provenance, and condition of *Fischblut*;

7. This agreement is made and shall be construed under the laws of the State of New York;

8. This agreement is binding upon and inures to the benefit of the parties, their successors, assigns, and personal representatives.

REPUBLIC OF AUSTRIA  } ss
CITY OF VIENNA
EMBASSY OF THE
UNITED STATES OF AMERICA

_____
MAGGIE WACHTER (Seller)

Sworn to before me this 18th day of April, 2007.

_____
Notary Public

Barbara I. Ensslin
Consul

My commission is indefinite

Sworn to before me this 18 day of April, 2007.

_____
Notary Public

YUDELKA RODRIQUEZ
Notary Public, State of New York
No 01RO6162546
Qualified in New York County
COMMISSION EXPIRES 03/12/2011

BY: _____
PAUL QUATROCHI (PRESIDENT)

18 April 2007

Page 2/2

- 2 -